1  Todd C. Ringstad (State Bar No. 97345)
   todd@ringstadlaw.com
2  Christopher A. Minier (State Bar No. 190705)
   cminier@ringstadlaw.com
3  **RINGSTAD & SANDERS LLP**
   2030 Main Street, 12th Floor
4  Irvine, CA  92614
   Telephone: (949) 851-7450
5  Facsimile:  (949) 851-6926

6  Proposed General Insolvency Counsel for F & F
   LLC, Debtor and Debtor-in-Possession
7

8            **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

10

11 | In re                                      | CASE NO. 6:09-38204 TD
12 | F&F LLC, a California Limited   Liability   | Chapter 11 Proceeding
   | Company                                    |
13 |                                            | **NOTICE OF MOTION AND MOTION FOR
   |                                            | ORDER APPROVING STIPULATION
14 |              Debtor and Debtor-in-         | BETWEEN DEBTOR AND U.S. HUNG WUI
   |              Possession.                   | INVESTMENTS, INC., AUTHORIZING
15 |                                            | USE OF CASH COLLATERAL;
   |                                            | DECLARATIONS OF CHOUNG FANN
16 |                                            | AND CHRISTOPHER A. MINIER**
17 |                                            | Hearing:
   |                                            | Date:    March 25, 2010
18 |                                            | Time:    10:00 a.m.
   |                                            | Place:   Courtroom 303
19 |                                            |          3420 Twelfth Street
   |                                            |          Riverside, CA 92501
20

21

22     **TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES**

23  **BANKRUPTCY JUDGE AND OTHER INTERESTED PARTIES:**

24      **PLEASE TAKE NOTICE** that on March 25, 2010, at 10:00 a.m., before the Honorable

25  Thomas B. Donovan, United States Bankruptcy Judge, in Courtroom 303 of the United States

26  Bankruptcy Court, located at 3420 Twelfth Street, Riverside, California 92501, F&F LLC, a

27  California limited liability company, debtor and debtor-in-possession in the above-entitled

28

*(left margin, vertical text)* Ringstad & Sanders L.L.P. 2030 Main Street, 12th Floor Irvine, California 92614 949-851-7450

1    Chapter 11 proceeding (the "Debtor"), will, and hereby does, move the Court for an Order

2    approving the Stipulation Between Debtor and U.S. Hung Wui Investments, Inc. ("HWI"),

3    Authorizing Use of Cash Collateral (hereafter the "Stipulation"). A copy of the Stipulation is

4    attached hereto as Exhibit "1." The Stipulation has also been filed in the Debtor's bankruptcy

5    case as Docket # 44.

6         This Motion is made pursuant to the requirements of Bankruptcy Code § 363(c), Rule

7    4001(d) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") and Local Bankruptcy Rule

8    4001-2, and is made on the ground that the proposed Stipulation is in the best interests of the

9    estate and its creditors.

10        This Motion is based on the attached Memorandum of Points and Authorities, the

11   Declarations of Choung Fann Yik (the "Yik Declaration") and Christopher A. Minier (the

12   "Minier Declaration") attached hereto and filed concurrently herewith, all pleadings, papers and

13   records on file with the Court and such other evidence, oral or documentary, as may be

14   presented to the Court in connection with this Motion and any hearing that may be requested

15   hereon.

16        **IF YOU DO NOT OPPOSE THIS MOTION, you need take no further action.**

17        **IF YOU DESIRE TO OPPOSE THIS MOTION, pursuant to Local Bankruptcy Rule**

18   **9013-1(f), you must do so not later than 14 days before the hearing by filing a written**

19   **opposition to the Motion with the Clerk of the United States Bankruptcy Court (with a**

20   **duplicate copy), located at 3420 Twelfth Street, Suite 125, Riverside, California 92501, and**

21   **serving the opposition on the Debtor's counsel, Todd C. Ringstad, at Ringstad & Sanders**

22   **LLP, located at 2030 Main Street, Suite 1200, Irvine, California 92614, and on the Office of**

23   **the United States Trustee, located at 3685 Main Street, Suite 300, Riverside, California**

24   **92501.**

25        **PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule**

26   **9013-1(f)(1), your Response must contain a "[a] complete written statement of all reasons in**

27   **opposition thereto . . . , declarations and copies of all photographs and documentary**

28   **evidence on which the responding party intends to rely, and any responding memorandum**

Ringstad & Sanders L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949-851-7450

1  of points and authorities."

2      **Failure to timely file and serve such an opposition to the Motion may be deemed by**

3  **the Court to be consent to the relief requested in the Motion.**

4  **SEE LOCAL BANKRUPTCY RULE 9013-1.**

5      **WHEREFORE,** the Debtor respectfully requests that the Court enter an Order:

6      (1) Approving the Stipulation Between Debtor and HWI Authorizing Use of Cash

7  Collateral (hereafter the "Stipulation") attached hereto as Exhibit "1" and on file with the Court in

8  the Debtor's bankruptcy case as Docket # 44; and

9      (2) For such other and further relief as the Court deems just and proper.

10                              Respectfully submitted,

11  DATED: February *22*, 2010        RINGSTAD & SANDERS LLP

12

13

14  By: *Christopher A. Minier*

15      Todd C. Ringstad
        Christopher A. Minier
16      Proposed General Insolvency Counsel for
        F&F LLC, Debtor and Debtor-in-Possession

17

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

- 3 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.      General Background.**

The Debtor is a California limited liability company, which was formed in 2005.

The co-managing members of the Debtor are husband and wife, Choung Fann Yik and Ying Faung Ley.  The other four members of the Debtor are the adult children of the co-managing members, Ty Yik, Hoeng "Bria" Yik, Vann Yik, and Sharon Yik.  Each of the Debtor's members owns a $1/6^{th}$ membership interest in the Debtor.

In 2005, Debtor purchased approximately 10 acres of undeveloped land located in the City of Rancho Cucamonga, California (the "Property").  The Property is in a desirable commercial location approximately one-half mile from the Victoria Gardens Shopping Mall and also close to Interstate 15.  Over approximately the last 4 years, the Debtor has successfully obtained development entitlements on the Property and transformed it into a multi-building retail shopping center consisting of approximately 138,000 total square feet of retail space.  The Debtor's members have essentially contributed their life savings, amounting to approximately a combined $8.2 Million, towards the acquisition and development of the Property.

Approximately one year ago, the Debtor's first tenant started occupying space at the Property.  Debtor has been in the "lease-up" process since that time, and is currently in the business of leasing retail space at the Property.  Retail space at the Property is currently 70% occupied, and Debtor's lease-up activities are ongoing.  There is also a proposed 6,700 square foot restaurant pad located on the Property that remains to be developed.

**B.      Events Precipitating the Chapter 11 Filing and the State Court
Mechanic's Lien Litigation.**

In order to develop the Property, the Debtor obtained a construction loan from East West Bank authorized in a maximum amount of $34.85 Million secured by a first Construction Deed of Trust encumbering the Property (the "Construction Loan").  The Construction Loan was an interest-only loan that matured in 24 months, but allowed the Debtor the option of extending its

1    term by an additional six months.  Debtor ultimately exercised its right to extend the term of the

2    Construction Loan for the additional six month period, resulting in a maturity date of December

3    1, 2009.  The Construction Loan was used for the development of the Property and also to satisfy

4    amounts owed on an earlier secured loan from Far West Bank.

5            Debtor's hard-cost construction budget for the development of the Property was originally

6    approximately $17 Million.  Unfortunately, approximately $5 Million of additional change orders

7    dramatically increased the cost of construction and delayed the completion of the project.  The

8    vast majority of these change orders were required by the Debtor's first general contractor,

9    Patterson Builders ("Patterson").  In addition, in November of 2008, Patterson demanded

10    additional money in order to continue work on the Property.  However, Patterson had not

11    submitted required lien releases for at least two months of subcontractor work for which Patterson

12    had already received payment.  To resolve this conflict, East West Bank and Debtor entered into a

13    Term Sheet Re Resolution of Disputes that allowed Patterson to receive nearly $5 million without

14    first supplying lien releases for his subcontractors and suppliers.  Patterson took the money paid

15    to it under the Term Sheet, failed to pay his subcontractors and suppliers, and abandoned the

16    Debtor's development project in February 2009.

17            Patterson Builders' abandonment of the Debtor's development project resulted in

18    additional delays and cost overruns as the Debtor's was forced to locate and retain a substitute

19    contractor to complete the job.

20            The recordation of certain mechanic's liens against the Property by some of Patterson's

21    subcontractors, as described in detail below, caused East West Bank to declare that Debtor was in

22    default under the Construction Loan.

23            East West Bank also claimed that Debtor defaulted in its payment obligations to it under

24    the Construction Loan in July of 2009.  Debtor contends that its alleged monetary default under

25    the Construction Loan resulted from: (i) the above-described cost overruns in the development of

26    the Property; and (ii) the improper disbursement of funds from the Construction Loan by East

27    West Bank, by over-disbursing Construction Loan proceeds to Patterson Builders and disbursing

28    such proceeds without first obtaining lien releases from subcontractors and suppliers.  As a result

Ringstad & Sanders
L.L.P.
2030 Main Street, 24th Floor
Irvine, California 92614
949.851.7450

1    of Debtor's alleged defaults under the Construction Loan, East West Bank recorded a Notice of

2    Default in August of 2009 and commenced an action against the Debtor for the appointment of a

3    receiver and for judicial foreclosure in San Bernardino County Superior Court (the "Foreclosure

4    Action").

5         Debtor filed a cross-complaint against East West Bank in the Foreclosure Action

6    alleging causes of action against the lender based upon: (i) the bank's improper disbursement of

7    funds from the Construction Loan resulting in Debtor's eventual default on its payment

8    obligations under the loan; (ii) the bank's failure to obtain lien releases prior to the disbursement

9    of Construction Loan proceeds; and (iii) the bank's failure to grant Debtor a promised extension

10   of the maturity date of the Construction Loan.  Thus, Debtor contests the amount that is owed by

11   it under the Construction Loan.

12        For a significant amount of time prior to Debtor's alleged default under the Construction

13   Loan, Debtor had been engaged in negotiations with East West Bank to further extend the

14   maturity of the Construction Loan for a period of 2 to 5 years.  During these negotiations, East

15   West Bank represented to the Debtor that it would agree to a two-year extension of the maturity

16   of the Construction Loan.  However, without warning or explanation, on September 30, 2009,

17   East West Bank sold its interest in the Construction Loan Promissory Note and Deed of Trust to

18   HWI for $22.5 Million.  Upon its purchase of the Promissory Note from East West bank, HWI

19   was substituted in as the plaintiff in the above-described Foreclosure Action.  East West Bank's

20   sale of the note and Deed of Trust destroyed any hope that Debtor had to extend the maturity of

21   the loan.

22        In October of 2009, Debtor offered to make regular monthly interest payments at the

23   contractual non-default rate to HWI in order to provide it with adequate protection of its interest

24   pending resolution of the Complaint and Debtor's Cross-Complaint in the Foreclosure Action.

25   However, HWI rejected Debtor's offer of interest payments and, instead, moved the Superior

26   Court for the appointment of a receiver.  On or about November 18, 2009, on HWI's motion the

27   Superior Court in the Foreclosure Action entered an order appointing a receiver for the Property.

28   On November 20, 2009 (the "Petition Date"), the Debtor commenced its instant voluntary

Ringstad & Sanders
L.L.P.
2030 Main Street, 13th Floor
Irvine, California 92614
949.851.7450

1   Chapter 11 bankruptcy case.

2       Following the Petition Date, the Debtor has continued to operate its business as a debtor-

3   in-possession. As described in detail above, Debtor's post-petition operations consist of its

4   continued efforts to obtain full tenant occupancy of the Property, and to operate and manage the

5   Property as a commercial retail center.

6       Debtor's most significant assets are the Property and the income generated from the

7   operation of the Property. Debtor also believes that it holds litigation claims of significant value

8   against: (i) its former law firm for professional negligence and related causes of action; and (ii)

9   East West Bank, and its successor in interest (HWI), for the improper disbursement of funds from

10  the Construction Loan.

11                                          **II.**

12              **THE CASH COLLATERAL STIPULATION AND**

13                  **APPLICABLE LEGAL AUTHORITY**

14  1.      **Applicable Legal Authority.**

15  Bankruptcy Code § 363(c)(1) and (2) provide, in relevant part:

16          (c)(1) If the business of the debtor is authorized to be operated

17          under section…1108…of this title and unless the court orders otherwise,

18          the trustee may enter into transactions, including the sale or lease of

19          property of the estate, in the ordinary course of business, without notice or

20          a hearing, and may use property of the estate in the ordinary course of

21          business, without notice or a hearing, and may use property of the estate in

22          the ordinary course of business without notice or a hearing.

23              (2)  The trustee may not use, sell or lease cash collateral under

24          paragraph (1) of this subsection unless - (A) each entity that has an interest

25          in such cash collateral consents; ….

26  ///

27  ///

28  ///

Ringstad & Sanders
L.L.P.
2030 Main Street, 13th Floor
Irvine, California 92614
949-851-7450

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949-851-7450

F.R.B.P. Rule 4001(d) provides, in relevant part, that:

(d)(1)(A)  A motion for approval of any of the following shall be accompanied by a copy of the agreement and a proposed form of order: ...

(iv) an agreement to use cash collateral;

\*\*\*

(C)  The motion shall be served on: (1) ... if the case is...a chapter 11 reorganization case and no committee of unsecured creditors has been appointed under § 1102, on the creditors included on the list filed under Rule 1007(d) [creditors holding 20 largest unsecured claims]; and (2) on any other entity the court directs.

Lastly, Local Bankruptcy Rule 4001-2(b), (c) and (d) provide, in relevant part, that:

(b)  To the extent not otherwise required by FRBP 4001(b)(1)(B) and (c)(1)(B), a Financing Motion must identify whether the proposed form of order and/or underlying cash collateral stipulation...contains any provision that:

(1) Grants cross-collateralization protection (other than replacement liens or other adequate protection) to the prepetition secured creditors...;

(2)  Binds the estate or all parties in interest with respect to the validity, perfection, or amount of the secured creditor's prepetition lien or debt or the waiver of claims against the secured creditor;

(3)  Waives or limits the estate's rights under 11 U.S.C. § 506(c);

(4)  Grants to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, or 549;

(5)  Deems prepetition secured debt to be postpetition debt or that use postpetition loans from a prepetition secured creditor to pay part or all of that secured creditor's  prepetition debt, other than as provided in

1    11 U.S.C. § 552(b);

2        (6)  Provides disparate treatment for the professionals retained by

3    a creditors' committee from that provided for the professionals retained by

4    the debtor with respect to a professional fee carve out; or

5        (7)  Primes any secured lien.

6    **2.    <u>Summary of the Essential Terms of the Stipulation.</u>**

7        HWI contends that the Construction Deed of Trust securing the Construction Loan grant it

8    a lien on the Debtor's Property, including all rents, issues, profits and other proceeds derived

9    from Debtor's operation of the Property.

10        Following the commencement of its bankruptcy case, Debtor and HWI negotiated and

11    executed the Stipulation authorizing Debtor's limited use of HWI's cash collateral to provide for

12    the preservation of the Property and its continued operation as a going concern.  A copy of the

13    Stipulation is attached hereto as Exhibit "1."  The Stipulation has been filed with the Court in

14    Debtor's bankruptcy case and is Docket # 44.

15        Pursuant to the requirements of Local Bankruptcy Rule 4001-2(c), the following is a

16    summary of the terms and conditions of the Stipulation:

17        Under the terms of the Stipulation, Debtor is entitled, until further Order of the Court, to

18    continue to operate the Property and to collect all income derived from the Property.  The

19    Stipulation also provides that Debtor is entitled to pay, from the income derived from the

20    Property, all expenses directly related to the operation, preservation and maintenance of the

21    Property in amounts not to exceed the projected line item expenses provided in the monthly

22    operating budget attached as an exhibit to the Stipulation. [Exhibit "1"].  The Stipulation further

23    provides that Debtor shall be entitled to exceed the total budgeted amount of expenses set forth in

24    its projected budget (except for tenant improvement expenses which shall not be exceeded) in any

25    given calendar month by no more than 5%, and that Debtor is entitled to maintain a maximum

26    monthly reserve of cash in the amount of $5,000 in its debtor-in-possession bank account.

27    ///

28    ///

Ringstad & Sanders
L.L.P.
2030 Main Street, 14th Floor
Irvine, California 92614
949.851.7450

- 9 -

1    Pursuant to the Stipulation, Debtor shall pay to HWI, on a monthly basis, all of its income

2    derived from the Property and its operation, less the approved expenses set forth in Debtor's

3    projected operating budget and the above-described monthly reserve.  Further, the Stipulation

4    requires Debtor to provide HWI with monthly operating reports that include a rent roll, an

5    itemization of income and expenses paid, and an itemization of the reserve.

6        The Stipulation also provides that in addition to the authorization of Debtor's use of cash

7    collateral as set forth in the Stipulation and in the projected budget attached to the Stipulation, and

8    without further Order of the Court, Debtor shall have the right to: (i) use such additional cash

9    collateral for such additional purposes as consented to by HWI in writing, and (2) to use such

10    additional cash collateral pursuant to such additional budgets as HWI consents to in writing.

11        Lastly, the Stipulation provides that HWI will "retain a perfected continuing lien in all

12    Income generated by the Property to the extent provided for in the Deed of Trust and all other

13    Loan Documents."

14        See Exhibit "1" attached hereto for the full and complete terms and conditions set forth in

15    the Stipulation.

16        Attached hereto as Exhibit "2" is a proposed form of Order on the Motion granting Court

17    approval to the Stipulation.

18    **3.    The Court Should Approve the Stipulation and Authorize Debtor's Limited**

19    **Use of Cash Collateral Pursuant Thereto.**

20        In the instant case, HWI is the only party with an interest in cash collateral, and HWI

21    consents to Debtor's limited use of its cash collateral pursuant to the terms and conditions of the

22    Stipulation.  Moreover, Debtor's use of cash collateral pursuant to the Stipulation is designed and

23    intended to preserve and maintain the Property and its value for the benefit of the bankruptcy

24    estate and its constituent members.  Additionally, in order for the Debtor to continue to operate

25    the Property as a going concern commercial development, Debtor's use of cash collateral is

26    crucial.  Without the use of cash collateral, Debtor's business operations would quickly cease

27    which, in turn, would result in the loss of the significant monthly rental income that is currently

28    being generated from Debtor's operation of the Property as a going concern.  The loss of such

Ringstad & Sanders
L.L.P.
2030 Main Street, 13th Floor
Irvine, California 92614
949.851.7450

1   income would have a detrimental effect on the bankruptcy estate and the interests of Debtor and

2   its creditors.

3       The instant Notice of Motion and Motion has been served in accordance with the

4   requirements of F.R.B.P. Rule 4001(d)(1)(C), set forth above.

5

6       Pursuant to the requirements of Local Bankruptcy Rule 4001-2(d), the Debtor has filed

7   and served concurrently herewith Court-approved form F 4001-2.

8       Pursuant to the requirements of Local Bankruptcy Rule 4001-2(b), Debtor hereby

9   represents that neither the Stipulation nor the proposed Order on this Motion approving the

10   stipulation contain any of the above-described provisions set forth in Local Bankruptcy Rule

11   4001-2(b)(1) through (7).

12       In light of the foregoing, Debtor submits that there is good cause for the Court to approve

13   the Stipulation attached hereto as Exhibit "1," and to authorize Debtor's use of cash collateral as

14   set forth therein, because the proposed Stipulation is clearly in the best interests of the estate and

15   its creditors.

16     **WHEREFORE,** the Debtor respectfully requests that the Court enter an Order:

17     (1) Approving the Stipulation Between Debtor and HWI Authorizing Use of Cash

18   Collateral (hereafter the "Stipulation") attached hereto as Exhibit "1" and on file with the Court in

19   the Debtor's bankruptcy case as Docket # 44; and

20      (2) For such other and further relief as the Court deems just and proper.

21

22       Respectfully submitted,

23   DATED: February 22, 2010     RINGSTAD & SANDERS LLP

24

25

26      By: _____

           Todd C. Ringstad

27            Christopher A. Minier

           Proposed General Insolvency Counsel for

28            F&F LLC, Debtor and Debtor-in-Possession

Ringstad & Sanders
L.L.P.
2030 Main Street, 13th Floor
Irvine, California 92614
949.851.7450

## DECLARATION OF CHOUNG FANN YIK

I, Choung Fann Yik, declare as follows:

1. The following matters are true and correct and, if called upon as a witness, I could and would competently testify thereto. I am an individual over the age of eighteen years and am competent to make this declaration. I am a co-managing member of F&F LLC, a California limited liability company (the "Debtor").

2. The Debtor is a California limited liability company, which was formed in 2005.

3. The co-managing members of the Debtor are my wife, Ying Faung Ley, and I. The other four members of the Debtor are our adult children, Ty Yik, Hoeng "Bria" Yik, Vann Yik, and Sharon Yik. Each of the Debtor's members owns a $1/6^{th}$ membership interest in the Debtor.

4. In 2005, Debtor purchased approximately 10 acres of undeveloped land located in the City of Rancho Cucamonga, California (the "Property"). The Property is in a desirable commercial location approximately one-half mile from the Victoria Gardens Shopping Mall and also close to Interstate 15. Over approximately the last 4 years, the Debtor has successfully obtained development entitlements on the Property and transformed it into a multi-building retail shopping center consisting of approximately 138,000 total square feet of retail space. The Debtor's members have essentially contributed their life savings, amounting to approximately a combined $8.2 Million, towards the acquisition and development of the Property.

6. In order to develop the Property, the Debtor obtained a construction loan from East West Bank authorized in a maximum amount of $34.85 Million secured by a first Construction Deed of Trust encumbering the Property (the "Construction Loan"). The Construction Loan was used for the development of the Property and also to satisfy amounts owed on an earlier secured loan from Far West Bank.

7. East West Bank alleged that Debtor defaulted on its obligations under the Construction Loan. Therefore, East West Bank recorded a Notice of Default in August of 2009 and commenced an action against the Debtor for the appointment of a receiver and for judicial foreclosure in San Bernardino County Superior Court (the "Foreclosure Action").

- 12 -

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949-851-7450

8.    Debtor filed a cross-complaint against East West Bank in the Foreclosure Action alleging causes of action against the lender based upon: (i) the bank's improper disbursement of funds from the Construction Loan resulting in Debtor's eventual default on its payment obligations under the loan; (ii) the bank's failure to obtain lien releases prior to the disbursement of Construction Loan proceeds; and (iii) the bank's failure to grant Debtor a promised extension of the maturity date of the Construction Loan.  Thus, Debtor contests the amount that is owed by it under the Construction Loan.

9.    For a significant amount of time prior to Debtor's alleged default under the Construction Loan, Debtor had been engaged in negotiations with East West Bank to further extend the maturity of the Construction Loan for a period of 2 to 5 years.  During these negotiations, East West Bank represented to the Debtor that it would agree to a two-year extension of the maturity of the Construction Loan.  However, without warning or explanation, on September 30, 2009, East West Bank sold its interest in the Construction Loan Promissory Note and Deed of Trust to U.S. Hung Wui Investments, Inc. ("HWI") for $22.5 Million.  Upon its purchase of the Promissory Note from East West bank, HWI was substituted in as the plaintiff in the above-described Foreclosure Action.  East West Bank's sale of the note and Deed of Trust destroyed any hope that Debtor had to extend the maturity of the loan.

10.    On or about November 18, 2009, on HWI's motion the Superior Court in the Foreclosure Action entered an order appointing a receiver for the Property.  On November 20, 2009 (the "Petition Date"), the Debtor commenced its instant voluntary Chapter 11 bankruptcy case.

11.    Following the Petition Date, the Debtor has continued to operate its business as a debtor-in-possession.  As described in detail above, Debtor's post-petition operations consist of its continued efforts to obtain full tenant occupancy of the Property, and to operate and manage the Property as a commercial retail center.

12.    Debtor's most significant assets are the Property and the income generated from the operation of the Property.  Debtor also believes that it holds litigation claims of significant value against: (i) its former law firm for professional negligence and related causes of action; and

1    (ii) East West Bank, and its successor in interest (HWI), for the improper disbursement of funds

2    from the Construction Loan.

3            13.    In the instant case, HWI is the only party with an interest in cash collateral, and

4    HWI consents to Debtor's limited use of its cash collateral pursuant to the terms and conditions of

5    the Stipulation.  Moreover, Debtor's use of cash collateral pursuant to the Stipulation is designed

6    and intended to preserve and maintain the Property and its value for the benefit of the bankruptcy

7    estate and its constituent members.  Additionally, in order for the Debtor to continue to operate

8    the Property as a going concern commercial development, Debtor's use of cash collateral is

9    crucial.  Without the use of cash collateral, Debtor's business operations would quickly cease

10   which, in turn, would result in the loss of the significant monthly rental income that is currently

11   being generated from Debtor's operation of the Property as a going concern.

12           I declare under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct.  Executed this _19_ day of February, 2010, at Irvine, California.

14

15

16   _____
     Choung Fann Yik

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

1

## DECLARATION OF CHRISTOPHER A. MINIER

2      I, Christopher A. Minier, declare:

3      1.      I am over the age of 18 and competent to testify as a witness. I have personal

4      knowledge of the contents hereof, and if called to testify as a witness herein, could and would

5      competently testify thereto.

6      2.      I am an attorney at law duly admitted to practice before all Courts of the State of

7      California and before the District Court for the Central District of California. I am an attorney

8      with Ringstad & Sanders LLP (the "Firm") proposed general insolvency counsel for F & F LLC,

9      a California limited liability company, debtor and debtor-in-possession in the above-entitled

10     Chapter 11 proceeding (hereafter the "Debtor").

11     3.      U.S. Hung Wui Investments, Inc. ("HWI"), contends that the Construction Deed of

12     Trust securing the Construction Loan grant it a lien on the Debtor's Property, including all rents,

13     issues, profits and other proceeds derived from Debtor's operation of the Property.

14     4.      Following the commencement of its bankruptcy case, Debtor and HWI, through

15     and by such parties' counsel of record, negotiated, drafted and executed the "Stipulation Between

16     Debtor and U.S. Hung Wui Investments, Inc., Authorizing Use of Cash Collateral" (the

17     "Stipulation") to provide for the preservation of the Property and its continued operation as a

18     going concern. A true and correct copy of the Stipulation is attached hereto as Exhibit "1." The

19     Stipulation has been filed with the Court in Debtor's bankruptcy case and is Docket # 44.

20     5.      Neither the Stipulation nor the proposed Order on this Motion approving the

21     stipulation contain any of the provisions set forth in Local Bankruptcy Rule 4001-2(b)(1) through

22     (7).

23     6.      Attached hereto as Exhibit "2" is a true and correct copy of the Debtor's proposed

24     form of Order on the Motion granting Court approval to the Stipulation.

25     ///

26     ///

27     ///

28

*Ringstad & Sanders*
*L.L.P.*
*2030 Main Street, 12th Floor*
*Irvine, California 92614*
*949.851.7450*

7.      Pursuant to the requirements of Local Bankruptcy Rule 4001-2(d), the Debtor has filed and served concurrently herewith Court-approved Local Rule form F 4001-2.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.  Executed on February 22, 2010, at Irvine, California.

Christopher A. Minier

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1   Todd C. Ringstad (State Bar No. 97345)
    todd@ringstadlaw.com
2   Christopher A. Minier (State Bar No. 190705)
    cminier@ringstadlaw.com
3   **RINGSTAD & SANDERS LLP**
    2030 Main Street, 12th Floor
4   Irvine, CA 92614
    Telephone: (949) 851-7450
5   Facsimile: (949) 851-6926

6   Proposed General Insolvency Counsel for F & F
    LLC, Debtor and Debtor-in-Possession
7

8                  UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

10

11  In re                          CASE NO. 6:09-38204 TD

12  F&F LLC, a California Limited  Liability    Chapter 11 Proceeding
    Company
13                                 **STIPULATION BETWEEN DEBTOR AND
                                   U.S. HUNG WUI INVESTMENTS, INC.,**
14            Debtor and Debtor-in-   **AUTHORIZING USE OF CASH
              Possession.           COLLATERAL**
15

16

17

18          This Stipulation is made by and between F&F LLC, a California limited liability

19  company, debtor and debtor-in-possession herein (the "Debtor"), and U.S. Hung Wui

20  Investments, Inc. ("Lender"), secured creditor, by and through their respective counsel of

21  record.  Debtor and Lender hereby stipulate and agree as follows:

22                              **RECITALS**

23          A.      Debtor is a California limited liability company, which was formed in 2005.

24          B.      In 2005, Debtor purchased approximately 10 acres of undeveloped land

25  located in the City of Rancho Cucamonga, California (the "Property").  Over approxi-

26  mately the past 4 years, Debtor has obtained development entitlements on the Property

27  and transformed it into a multi-building retail shopping center consisting of approximately

28

*(sidebar, left margin)* Ringstad & Sanders L.L.P. 2030 Main Street, 12th Floor Irvine, California 92614 949.851.7450

Exhibit    1
Page    17

1  138,000 total square feet of retail space.  Debtor is currently in the business of leasing

2  retail space at the Property.

3        C.      In order to develop the Property, pursuant to a loan agreement (the "Loan

4  Agreement") Debtor obtained a construction loan from East West Bank in the amount of

5  $34.85 million (the "Construction Loan"), secured by a first priority Deed of Trust

6  encumbering the Property (the "Deed of Trust"), and evidenced by a promissory note (the

7  "Promissory Note").  The documents memorializing the loan shall be referred to herein as

8  the "Loan Documents".

9        D.      On September 30, 2009, East West Bank sold its interest in the Promissory

10  Note and Deed of Trust to Lender.  Lender contends that the Deed of Trust and

11  Promissory Note evidencing the Construction Loan provide it with a lien on the Property,

12  including all rents, issues, profits and other proceeds (the "Cash Collateral," together with

13  the Property, the "Collateral") derived from Debtor's operation of the Property.

14        E.      Debtor desires to continue to operate the Property, collect the rental income,

15  other revenue and expense reimbursements from tenants, derived therefrom (collectively

16  the "Income"), and to utilize the Income to pay expenses directly related to the operation,

17  preservation and maintenance of the Property.  Lender is willing to consent to Debtor's

18  use of its Cash Collateral on the terms and conditions set forth herein.

19        NOW, THEREFORE, Debtor and Lender hereby agree as follows:

20        **STIPULATION**

21        1.      Debtor and Lender agree that pursuant to the Loan Agreement, all Income

22  constitutes Lender's "cash collateral" under Section 363(a) of the Bankruptcy Code.

23        2.      Until further order of the Court, Debtor shall be allowed to collect all

24  Income from the Property.  The Income shall be deposited into the debtor-in-possession

25  account (the "Account").  Debtor shall at all times keep track of all credits and debits to

26  the Account and be able to account for all funds in the Account from the Property.

27  Several of the tenants on the Property are related affiliates of the Debtor.  Some of the

28  tenants on the attached budget are paying lower monthly rents (and lower triple net

Ringstad & Sanders
LLP
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

- 2 -

Exhibit  1
Page  18

Ringstad & Sanders
LLP
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    charges) than their Leases provide.  Debtor represents that no written amendments have

2    been signed by Debtor reflecting the lower rent and/or lower charges for insider tenants,

3    and Debtor agrees not to execute any written amendments to the existing Leases (whether

4    with insiders or non-insiders), or amend or alter any such Leases, without either (a)

5    Lenders' written consent or (b) a Bankruptcy Court order.

6          3.       Until further order of the Court, Debtor may pay from the Income collected

7    from the Property all expenses directly related to the operation, preservation and

8    maintenance of the Property in amounts not to exceed the  line item expenses provided in

9    the monthly budget attached hereto as Exhibit "1" (the "Budget," and each expense

10   therein, an "Approved Expense").  Without prior notice to Lender, Debtor shall be entitled

11   to exceed the budgeted amount of expenses (except for tenant improvement expenses

12   which shall not be exceeded) in any given calendar month by no more than 5% of the total

13   budgeted calendar monthly amount of all expenses (not including the tenant

14   improvements).

15         4.       Debtor shall be entitled to maintain a maximum monthly reserve of cash in

16   the amount of $5,000 per month in the Account (the "Reserve").

17         5.       Debtor shall pay to Lender, on a monthly basis, all Income, less the

18   Approved Expenses (the "Net Income") less the Reserve (each, a "Monthly Payment").

19         6.       Debtor shall provide Lender with monthly reports no later than 7 days after

20   month end, including a rent roll, an itemization of Income and Approved Expenses paid

21   for the prior month, and an itemization of the Reserve.

22         7.       Lender shall retain a perfected continuing lien in all Income generated by

23   the Property to the extent provided for in the Deed of Trust and all other Loan Documents.

24         8.       Debtor shall not use, lease, sell or expend directly or indirectly the

25   Collateral or any proceeds, product or offspring thereof except as provided herein.

26   Neither the entry an order approving this Stipulation nor the acceptance of the Monthly

27   Payment shall constitute, or be deemed to be, a waiver of any of Lender's rights or claims

28

- 3 -

Exhibit \
Page 19

1  under the Loan Documents or applicable law, or a cure of any default by Debtor under the

2  Loan Documents.

3       9.    Subject to the provisions of this Stipulation, only the expenses in the

4  amounts indicated in Exhibit "1" are the expenses for which Lender agrees to Debtors'

5  use of cash collateral.

6       10.    All liens and security interests granted pursuant to this Stipulation shall be

7  deemed effective, valid and perfected as of the date of entry of this Stipulation, without

8  the necessity of the filing or lodging by any person of any documents or other instruments

9  otherwise required to be filed or lodged under applicable non-bankruptcy law for the

10  perfection of security interests or mortgages.

11       11.    Except as otherwise set forth herein, both Lender and Debtor reserve all

12  rights that each may have with respect to the Property and Income in this Chapter 11

13  proceeding. Lender specifically reserves all right to seek relief from or modification of

14  the automatic stay, appointment of a trustee, dismissal or conversion of the case, or any

15  other remedies that it may have. Debtor specifically reserves the right to seek

16  authorization for the use of cash collateral on terms different from those set forth herein,

17  and to seek to modify the terms of repayment of the obligation held by Lender in any plan

18  of reorganization. Both parties reserve all of their respective rights as to how all Monthly

19  Payment paid by Debtor to Lender pursuant to the terms of this Stipulation should be

20  applied to the Construction Loan, and Debtor acknowledges that Lender's acceptance and

21  application of the Monthly Payments shall not waive any existing default under the Loan.

22       12.    In addition to the authorization of Debtor's use of Cash Collateral as set

23  forth herein and in the attached Budget, Debtor shall have the right to (i) use such

24  additional Cash Collateral for such additional purposes as consented to by Lender in

25  writing, and (2) operate the Property pursuant to the terms of this Stipulation after

26  expiration of the Budget, if Lender consents to an additional budget in writing, without

27  further Order of the Court.

28

Exhibit   1
Page   20

Ringstad & Sanders LLP
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

13. Except as otherwise expressly provided in this Stipulation, the terms and conditions of the Loan Agreement, the Promissory Note, and other Loan Documents shall remain in full force and effect and Lender shall have all of its rights and remedies thereunder, subject to the provisions of Bankruptcy Code and any orders of this Court.

IT IS SO STIPULATED:

DATED: January __, 2010

LOEB & LOEB LLP

By: _____
Lance N. Jurich
Counsel for U.S. Hung Wui Investments, Inc.

DATED: January 21, 2009

RINGSTAD & SANDERS LLP

By: _____
Todd C. Ringstad
Christopher A. Minier
Proposed General Insolvency Counsel for F&F, LLC, Debtor and Debtor-in-Possession

Ringstad & Sanders LLP

- 5 -

Exhibit 1
Page 21

**Victoria Promenade Cash Flow Budget**
**December 1, 2009 through February 28, 2009**

|  | | | | | | |
|---|---|---|---|---|---|---|
| Opening funds in DIP account | $ | 23,112.85 | | | | |
| | | | | | | |
| **Rental Income** | | | | | | |
| Hotel | $ | | $ | 12,877 | $ | 75,938 |
| ColorTiles | $ | 23,041 | $ | 23,041 | $ | 23,041 |
| Union 76 | $ | 10,000 | $ | 10,000 | $ | 10,000 |
| Subway | $ | 4,966 | $ | 4,966 | $ | 4,966 |
| Cronic Tacos | $ | 5,654 | $ | 5,654 | $ | 5,654 |
| Kiwifrost Yogurt | $ | 3,840 | $ | 3,840 | $ | 3,840 |
| Maui Wowi | $ | - | $ | - | $ | |
| Shop N Save | $ | 5,000 | $ | 5,000 | $ | 5,000 |
| GSM Wireless | $ | 2,500 | $ | 3,000 | $ | 3,000 |
| Serenity Nails | $ | 7,579 | $ | 7,579 | $ | 7,579 |
| King of Egypt | $ | 4,880 | $ | 4,880 | $ | 4,880 |
| Egyptian Day Spa | $ | 9,952 | $ | 9,952 | $ | 9,952 |
| Edward Jones *(rent commences 90 days after possession: $1,620/month)* | | | | | | |
| Farmers Insurance | | | $ | 1,811 | $ | 1,811 |
| **Total Income** | $ | 77,411 | $ | 92,599 | $ | 155,660 |
| | | | | | | |
| **Operating Expenses** | | | | | | |
| Utilities- Electrical | $ | 6,000 | $ | 2,000 | $ | 2,000 |
| Utilities- Water | $ | 3,620 | $ | - | $ | 3,620 |
| Fire Alarm Phone Lines | $ | 610 | $ | 610 | $ | 610 |
| Fire Alarm Monitoring | $ | 495 | $ | - | $ | - |
| Garbage Removal | $ | 982 | $ | 982 | $ | 982 |
| Sweeping/Steaming | $ | 650 | $ | 650 | $ | 650 |
| Landscaping | $ | 700 | $ | 700 | $ | 700 |
| Pest Control | $ | - | $ | - | $ | - |
| Elevator Service Contract | $ | 360 | $ | - | $ | - |
| Repair & Maintenance | $ | 300 | $ | 300 | $ | 300 |
| Miscellaneuos | $ | 200 | $ | 200 | $ | 200 |
| Capital Improvements | $ | - | $ | - | $ | - |
| Accounting | $ | 300 | $ | 300 | $ | 300 |
| Legal | $ | - | $ | - | $ | - |
| Property Insurance | $ | 5,152 | $ | 5,152 | $ | 5,152 |
| Property Taxes | $ | 23,000 | $ | 23,000 | $ | 23,000 |
| **Total Expenses** | $ | 42,369 | $ | 33,894 | $ | 37,514 |
| | | | | | | |
| Tenant Improvements | $ | - | $ | 15,000 | $ | 15,000 |
| Leasing Commissions | $ | - | $ | - | $ | - |
| Reserve *(5k per month)* | $ | 5,000 | $ | 5,000 | $ | 5,000 |

Exhibit 1
Page 6

Exhibit 1
Page 22

| In re:<br>F & F, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:09-38204 TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Ste. 1200, Irvine, CA 92614

A true and correct copy of the foregoing document described **STIPULATION BETWEEN DEBTOR AND U.S. HUNG WUI INVESTMENTS, INC., AUTHORIZING USE OF CASH COLLATERAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 17, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Helen R Frazer    hfrazer@aalrr.com
- Everett L Green    everett.l.green@usdoj.gov
- M Jonathan Hayes    jhayes@polarisnet.net
- D Edward Hays    ehays@marshackhays.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Yanna J Li    yli@wthf.com, dfunsch@wthf.com
- Christopher Minier    becky@ringstadlaw.com
- Thomas R Mulally    tom@ssmlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Martha E Romero    Romero@mromerolawfirm.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 17, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery: Judge Thomas B. Donovan, 255 E. Temple Street, Suite 1352, Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 **F 9013-3.1**

Exhibit 1
Page 23

| In re:<br>F & F, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-38204 TD |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 17, 2010 | Arlene Tavares | *Arlene Tavares* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

Exhibit 1
Page 24

1   Todd C. Ringstad (State Bar No. 97345)
    todd@ringstadlaw.com
2   Christopher A. Minier (State Bar No. 190705)
    cminier@ringstadlaw.com
3   **RINGSTAD & SANDERS LLP**
    2030 Main Street, 12th Floor
4   Irvine, CA  92614
    Telephone: (949) 851-7450
5   Facsimile:  (949) 851-6926

6   Proposed General Insolvency Counsel for F & F
    LLC, Debtor and Debtor-in-Possession

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

10

11  In re                                    CASE NO.  6:09-38204 TD

12  F&F LLC, a California Limited   Liability   Chapter 11 Proceeding
    Company
13                                           **ORDER ON MOTION BY DEBTOR FOR
                                             ORDER APPROVING STIPULATION**
14                 Debtor and Debtor-in-     **BETWEEN DEBTOR AND U.S. HUNG WUI
                   Possession.**             **INVESTMENTS, INC., AUTHORIZING
15                                           **USE OF CASH COLLATERAL**

16                                           Hearing:
                                             Date:    March 25, 2010
17                                           Time:    10:00 a.m.
                                             Place:   Courtroom 303
18                                                    3420 Twelfth Street
                                                      Riverside, CA 92501
19

20

21      The motion of F&F LLC, a California limited liability company, debtor and debtor-in-

22  possession in the above-entitled Chapter 11 proceeding (the "Debtor"), for an Order Approving

23  the Stipulation Between Debtor and U.S. Hung Wui Investments, Inc. ("HWI"), Authorizing Use

24  of Cash Collateral (the "Motion"), came on for hearing before the Honorable Thomas B.

25  Donovan, United States Bankruptcy Judge, on March 25, 2010, at 10:00 a.m., in Courtroom 303

26  of the above-entitled Court, located at 3420 Twelfth Street, Riverside, California 92501.

27  Christopher A. Minier, Esq., of Ringstad & Sanders LLP, appeared on behalf of the Debtor.

28

Ringstad & Sanders L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

Exhibit  2
Page  25

1    Other appearances were as noted in the Court's record.

2         The Court having read and considered the Motion, its attached Memorandum of Points

3    and Authorities, the Declarations of Chound Fann Yik and Christopher A. Minier, and exhibits,

4    submitted in support of the Motion, all other pleadings, papers and evidence filed in connection

5    with the Motion and the hearing thereon, and the representations of counsel at the March 25,

6    2010, hearing on the Motion, and good cause appearing therefor, it is hereby

7         **ORDERED** that:

8         1.    The Motion is hereby granted on the terms and conditions set forth herein;

9         2.    The Stipulation between Debtor and U.S. Hung Wui Investments, Inc., attached as

10   Exhibit "1" to the Motion, and on file with the Court in the Debtor's above-captioned Chapter 11

11   proceeding as Docket entry # 44, is hereby approved.

12

13                                    # # # #

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949-851-7450

- 2 -

Exhibit  2
Page  26

| In re:<br>F & F, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:09-38204 TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2030 Main Street, Ste. 1200, Irvine, CA 92614

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION BETWEEN DEBTOR AND U.S. HUNG WUI INVESTMENTS, INC., AUTHORIZING USE OF CASH COLLATERAL; DECLARATIONS OF CHOUNG FANN AND CHRISTOPHER A. MINIER** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 23, 2010</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Helen R Frazer    hfrazer@aalrr.com
- Everett L Green    everett.l.green@usdoj.gov
- M Jonathan Hayes    jhayes@polarisnet.net
- D Edward Hays    ehays@marshackhays.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Yanna J Li    yli@wthf.com, dfunsch@wthf.com
- Christopher Minier    becky@ringstadlaw.com
- Thomas R Mulally    tom@ssmlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Martha E Romero    Romero@mromerolawfirm.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL ~~OR OVERNIGHT MAIL~~** (indicate method for each person or entity served):
On _____ <u>February 23, 2010</u> _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>February 23, 2010</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>F & F, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-38204 TD |

transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge
<u>will be</u> completed no later than 24 hours after the document is filed.

<u>Via Personal Delivery</u>: Judge Thomas B. Donovan, 255 E. Temple Street, Suite 1352, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 23, 2010 | Arlene Tavares | _Arlene Tavares_ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 F 9013-3.1

618 Investment Inc.
509 Rosemarie Drvie
Arcadia, CA  91007

EGL Associates Inc.
11819 Goldring Road
Unit A
Arcadia, CA  91006

Robert C. Niesley
2040 Main Street
Suite 300
Irvine, CA  92614

All American Lock Corp.
5362 Production Drive
Huntington Beach, CA  92649

Express Pipe and Supply Co.
1235 S. Lewis Street
Anaheim, CA  92805

Porrazzo Corporation dba
Performance Concrete
622 S. Melrose Street
Placentia, CA  92870

Allied Insurance
P.O. Box 514540
Los Angeles, CA  90051

F & F LLC
509 Rosemarie Drive
Arcadia, CA  91007

Martha E. Romero
Romero Law Firm
6516 Bright Avenue
BMR Professional Building
Whittier, CA  90601

Angelus Block Company,Inc.
1705 N. Main Street
Orange, CA  92865

Grubb & Ellis
3401 Centre Lake Drive
Suite 500
Ontario, CA  91761

San Bernardino County Assessor
172 West Third Street
1st Floor
San Bernardino, CA  92415

Atkensin Andelson Loya Ruud
12800 Center Court
Suite 300
Cerritos, CA  90703

M. Jonathan Hayes
9700 Reseda Boulevard
Suite 201
Northridge, CA  91324

Subway Real Estate Group
Robb Harvey
8300 Utica Avenue
No. 245
Rancho Cucamonga, CA  91730

Beta Construction
1415 E. 3rd Street
Suite 100
Pomona, CA  91766

Integrated Technologies Inc.
8780 19th Street
Suite 266
Alta Loma, CA  91701

Success Sign Group
2812 Reck Road
El Monte, CA  91731

Bonaldo Engineering
10241 Trademark Street
Suite B
Rancho Cucamonga, CA  91730

Lance N. Jurich
Loeb & Loeb LLP
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067-4120

Vista Paint Corporation
2020 E. Orangethorpe Ave
Fullerton, CA  92831

Brother's Nursery Inc.
5724 N. Willard Avenue
San Gabriel, CA  91775

JWDA
529 E. Valley Boulevard
Suite 228A
San Gabriel, CA  91776

Bryant Company
P.O. Box 892036
Temecula, CA  92589

Medearis Construction
P.O. Box 89-2110
Temecula, CA  92589

Charles Joseph Associates
10681 Foothil Boulevard
Suite 395
Rancho Cucamonga, CA  91730

Patrick Naylon
5850 Canoga Avenue
Suite 206
Woodland Hills, CA  91362